IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-30064 |
| ) | |
| EARNEST KIRKWOOD, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the following motions filed by Defendant Earnest Kirkwood: (1) Motion to Compel Rule 16 Disclosures of Government's Expert Witnesses' Testimony (d/e 18) (Motion to Compel) and (2) Motion to Require Notice of Intent to Use "Other Crimes" Evidence (d/e 22) (Motion to Require Notice).  For the reasons set forth below, Defendant's Motion to Compel is allowed, and Defendant's Motion to Require Notice is allowed, in part, and denied, in part.  The Court turns first to Defendant's Motion to Compel.

Defendant Kirkwood has been charged in a two-count Indictment (1) with Distribution of Heroin Resulting in Death (Count 1), in violation of

1

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Possession of Heroin with Intent to Distribute (Count 2), in violation of 21 U.S.C. § 841(a)(1).  In his Motion to Compel, Defendant requests that the Government disclose to the defense a written summary of the testimony that the Government intends to use under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief at trial, including a description of the witnesses' opinions and the bases and reasons for these opinions.  In the alternative, Defendant requests that the Defendant be barred from offering any expert witness testimony during its case-in-chief at trial.

　　　The Government has filed a Response (d/e 26) stating that it is aware of its obligations and, therefore, intends to comply with Defendant's request.  In its Response brief, the Government lists the individuals it intends to call as witnesses in its case-in-chief.  The Government states that Dr. John Murphy (of the Memorial Medical Center Department of Laboratory Medicine and Pathology) is currently in the process of reviewing the medical records of the deceased victim in this case.  The Government indicates that as soon as Dr. Murphy completes his review and report, it will make them available to the defense.  The Government states that, at this time, it is not certain whether Dr. Murphy will be called to testify in its

case-in-chief. Therefore, Defendant's Motion to Compel is allowed. The Government is hereby given until March 9, 2007, to meet its obligations under Fed. R. Crim. P. 16(a)(1)(G).

In his Motion to Require Notice, Defendant moves to require the Government to provide reasonable notice of its intention to use evidence of "other crimes" under Fed. R. Evid. 404(b) and evidence of "specific instances of conduct" under Fed. R. Evid. 608(b) at trial, either in its direct case, during cross-examination of the Defendant, or in its rebuttal case. The Government states in its Response brief (d/e 27) that it intends to comply with the notice requirements of Rule 404(b), and that by March 5, 2007, it will be able to provide such notice. As such, to the extent Defendant requests notice of the Government's intention to use Rule 404(b) evidence, the request is allowed. The Government is hereby granted until March 5, 2007, to disclose Rule 404(b) evidence to the defense.

To the extent Defendant seeks notice of the Government's intention to use "specific instances of conduct" under Rule 608(b), the request is denied. The Government does not address this matter in its Response brief. ". . . [D]efendants are not entitled access to any Rule 608(b) material which is not discoverable under Federal Rule of Criminal Procedure 16. Rule 16

3

explicitly limits compelled discovery to information the government intends to introduce during its case-in-chief.  By definition, Rule 608(b) evidence may not be used during the government's case-in-chief, and therefore, it is not discoverable under Rules 12 or 16." United States v. Perez, 2002 WL 1461504, at * 12 (N.D. Ill. 2002) (internal citations omitted).  As such, to the extent Defendant seeks notice of the Government's intention to use Rule 608(b) evidence, the request is denied.

THEREFORE, for the reasons set forth above, Defendant's Motion to Compel Rule 16 Disclosures of Government's Expert Witnesses' Testimony (d/e 18) is ALLOWED.  Defendant's Motion to Require Notice of Intent to Use "Other Crimes" Evidence (d/e 22) is ALLOWED, in part, and DENIED, in part.  To the extent Defendant seeks notice of the Government's intention to use Rule 404(b) evidence, the request is allowed.  The Government is directed to produce Rule 404(b) evidence by March 5, 2007. To the extent Defendant seeks notice of the Government's intention to use Rule 608(b) evidence, the request is denied.

IT IS THEREFORE SO ORDERED.

ENTER:  February 22, 2007.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE